Thomas M. UNGRADY, Plaintiff,

v.

BURNS INTERNATIONAL SECURITY
SERVICES, INC., Defendants.

No. 1:90 CV 1283.

United States District Court,
N.D. Ohio, E.D.

July 17, 1991.

Gerald Skoch, Law Offices of Gerald Skoch, Lakewood, Ohio, for plaintiff.

John M. Stephen, Columbus, Ohio, for defendants.

## ORDER

BATTISTI, District Judge.

Before the court is Defendant Burns International Security Services, Inc.'s ("Burns") motion to dismiss or for summary judgment. The Plaintiff, Thomas Ungrady, brings this action against the Defendant for terminating his employment, allegedly in violation of state law. Specifically, the Plaintiff raises five claims of breach of employment contract (Counts I–IV, VI), one claim of conversion (Count V), and one "whistleblower" claim (Count VII), and seeks an award of wages and commissions earned, compensatory damages, and punitive damages.

Jurisdiction in the federal district court is predicated upon diversity of citizenship of the parties. 28 U.S.C. § 1332 (1988).

## I. FACTUAL BACKGROUND

The Plaintiff was hired by Burns, a Delaware corporation with its principal place of business in New Jersey,[1] on January 9, 1987 as a sales representative operating out of the State of Ohio. The Plaintiff claims that the relationship between the parties was based upon an express and implied employment contract. Burns denies the existence of an employment contract.

On July 20, 1989, Burns terminated the Plaintiff. On August 16, 1989, the Plaintiff filed suit against Burns in the Medina Municipal Court, Small Claims Division, Case No. 89–CVI–01465. The complaint in that action sought an award of $576.92 of vacation pay and an order that commission statements for the period from July 21, 1989 through August 17, 1989 be turned over to the Plaintiff. *See* Defendant's Motion for Summary Judgment, Exhibit A (copy of complaint). A hearing was set for October 3, 1989.

The Plaintiff alleges, and the Defendant does not contest, that two weeks before the hearing the Plaintiff received a check from Burns for the outstanding vacation pay. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Exhibit B (Affidavit of Thomas Ungrady (hereinafter referred to as the "Ungrady Affidavit")), at ¶ 3.

Plaintiff further alleges that the October 3, 1989 hearing (hereinafter referred to as the "October 3 Hearing") went forward before a referee only because the parties could not agree on who was responsible for the $12 court costs. *Id.* at ¶ 4. Plaintiff asserts that the only issues discussed at the October 3 Hearing were the payment of court costs and the Plaintiff's request for the production of documents. *Id.* at ¶ 7. The form order filled in by the referee indicates only that the Defendant was ordered to pay the costs. *See* Defendant's Motion for Summary Judgment, Exhibit B (copy of Recommendation of Referee and Final Order). The Plaintiff claims that the referee informed him that he should retain a lawyer if he wished to have documents produced. Ungrady Affidavit, at ¶ 9.

Plaintiff filed the instant action on July 19, 1990.

## II. PLAINTIFF'S BREACH OF EMPLOYMENT CONTRACT CLAIMS

The Defendant argues that the Plaintiff is barred by the doctrine of res judicata from raising breach of employment contract claims, and accordingly, seeks an award of summary judgment on Counts I–IV and VI.

### A. *Standard of Review*

The granting of summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

---

1. The Plaintiff claims to be a citizen of the State of Ohio.

ty is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view all facts and inferences in a light most favorable to the nonmoving party. *Sims v. Memphis Processors, Inc.,* 926 F.2d 524, 527–28 (6th Cir.1991) (citation omitted).

■ "The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action." *Harris v. Adams,* 873 F.2d 929, 931 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). By contrast, the nonmoving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). The nonmoving party is required to go beyond the pleadings "and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific fact showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### B. *Res Judicata*

■ In Ohio, "[t]he doctrine of estoppel by judgment, or *res judicata* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit." *Wade v. City of Cleveland,* 8 Ohio App.3d 176, 456 N.E.2d 829, 831 (Cuyahoga County 1982) (citations omitted). *See also LaBarb-*

*era v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55, 59 (1967) (recognizing that a judgment must be on the merits for the doctrine of res judicata to apply); *Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 377,* 700 F.2d 1067, 1069–70 (6th Cir.1983) (holding that "[r]es judicata bars a claim when (1) the same party or parties in privity with them were present in prior litigation; (2) a court of competent jurisdiction has entered a valid, final judgment on the merits; and (3) the present action concerns the same subject matter or cause of action as the prior suit."), *cert. denied,* 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 92 (1983).

■ The Defendant does not contest the Plaintiff's recitation of the facts leading up to the October 3 Hearing. A hearing before a small claims court referee concerning the payment of court costs for a claim that had already been settled in the Plaintiff's favor can hardly be deemed to be a final determination on the merits sufficient to preclude future claims. Accordingly, the Defendant's motion for summary judgment on Counts I–IV and VI is DENIED.

### III. PLAINTIFF'S CONVERSION CLAIM

In Count V of his complaint, the Plaintiff alleges that the Defendant withheld part of his wages, pursuant to an order of the Ohio Court of Common Pleas, Cuyahoga County, Division of Domestic Relations, but failed to forward the funds to the Cuyahoga Support Enforcement Agency. The Plaintiff claims that these actions constitute conversion.

The Defendant argues that a federal district court lacks jurisdiction to hear a claim of this sort because it involves domestic relations. The Defendant moves that Count V be dismissed pursuant to Fed.R. Civ.P. 12(b)(1).

"For purposes of [a] motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at

304 (2d ed. 1990). The court is obviously not required to accept as true "legal conclusions that may be alleged...." *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971).

█ The Defendant correctly notes the existence of a domestic relations exception to federal courts' diversity jurisdiction. *See Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1858); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.1981). Defendant fails to add, however, that "this exception does not apply to suits that are actually tort or contract claims having only domestic relations overtones." *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir.1988) (noting that "[o]ther circuits have repeatedly held that a district court does not lose jurisdiction merely because intra-family aspects are involved, particularly when the cause of action is cognizable in tort.").

█ In the instant case, it is not necessary for the court to delve into the Plaintiff's domestic affairs. There is no question of the proper level or appropriateness of support payments, nor has the Plaintiff called into question the state court's orders. The Plaintiff merely alleges that Burns is guilty of conversion with regard to the withheld wages. In this context, there is no need to examine issues of domestic relations law.

Accordingly, the Defendant's motion to dismiss Count V is DENIED.

IV. PLAINTIFF'S WRONGFUL DISCHARGE CLAIM

█ In Count VII of his complaint, the Plaintiff alleges that he was wrongfully discharged for reporting the Defendant's illegal activites. The Defendant properly notes that this claim falls within the "whistleblower" statute passed by Ohio in 1988, Ohio Rev.Code Ann. §§ 4113.51 & 4113.52 (Anderson 1991), and accordingly, is barred by the 180 day statute of limitations contained in § 4113.52(D).

Plaintiff argues that the Supreme Court of Ohio's decision in *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), provides him with a cause of action separate and apart from § 4113.52(D). In *Greeley*, the court held that "public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute." 49 Ohio St.3d at 228, 551 N.E.2d 981.

The *Greeley* court was faced with the issue of whether an individual could bring an action for wrongful discharge after being fired in violation § 3113.213(D) of the Ohio Revised Code.[2] Ohio Rev.Code Ann. § 3113.213 (Anderson 1989). Section 3113.-213(C) provides for the imposition of a fine on an employer that violates § 3113.213(D), but does not establish a civil remedy. The court found, however, that "[n]othing in the legislation or its history indicates that it was the intent of the General Assembly to foreclose the rights of an affected *employee*," and therefore, in the interests of public policy, allowed the employee to bring a wrongful discharge action. *Greeley*, 49 Ohio St.3d at 231, 551 N.E.2d 981.

The court also examined two similar statutes that prohibited discharge but failed to provide any private right of action. It concluded that with regard to all three statutes, "[t]he General Assembly has expressed its will that employers be prohibited from discharging employees for the reason upon which appellant bases his cause of action[,]" and "[i]t is our job to enforce, not frustrate, that policy." *Id.* at 234, 551 N.E.2d 981.

In the instant case, the Plaintiff claims that Burns' actions in discharging him violates the statutory prohibition contained in § 4113.52. Unlike the statutes examined in *Greeley*, however, § 4113.52 establishes a private cause of action, complete with a range of remedies and a statute of limitations. Clearly, the legislative intent was that actions similar to that of the Plaintiff

**2.** Section 3113.213 prohibits an employer from using an order to withhold wages for child

support as a basis for discharging an employee.

would be brought pursuant to § 4113.52(D).

 In addition, the Supreme Court of Ohio has held that no public policy exception to the employment-at-will doctrine exists for employees who were discharged for engaging in "whistleblowing" during the period predating the enactment of § 4113.52(D). *Wing v. Anchor Media, Ltd. of Texas,* 59 Ohio St.3d 108, 570 N.E.2d 1095, 1099–1100 (1991). *Wing* could be read to imply that in light of § 4113.52, an employee's discharge for "whistleblowing" now violates a statutory prohibition, and therefore, may be the source of a *Greeley* cause of action. *See Haynes v. Zoological Society of Cincinnati,* 567 N.E.2d 1048 (Court of Common Pleas of Ohio, Hamilton County 1990) (holding that an employer's violation of § 4113.52 entitled a discharged employee to recover tort damages by means of a *Greeley* action). The more plausible interpretation, however, in light of the likely legislative intent behind § 4113.52 and the *Greeley* court's stated goal of enforcing the legislature's will, is that a *Greeley* cause of action is available only when (1) an employer's behavior violates either a statute or a deeply engrained public policy, and (2) the legislature has neither provided a private remedy nor expressed an intent to preclude a private remedy. *See Shaffer v. Frontrunner, Inc.,* 57 Ohio App.3d 18, 566 N.E.2d 193, 195 (Defiance County 1990) (distinguishing between statutory and *Greeley* exceptions to the employment-at-will doctrine and indicating that *Greeley* addressed areas where statutory exceptions did not exist).

Accordingly, the Plaintiff was required to bring his action within one hundred eighty days of his discharge. Inasmuch as he failed to do so, the Defendant's motion to dismiss Count VII of the Plaintiff's complaint is GRANTED.

## V. CONCLUSION

The Defendant's motion to dismiss or for summary judgment is GRANTED as to Count VII, and is DENIED as to Counts I–VI.

IT IS SO ORDERED.