47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jennifer L. BURKHOLDER; Tiana L. Burkholder; Chad A.
Burkholder; Brian J. Burkholder; and Gay L.
Burkholder, Plaintiffs-Appellants,
v.
BOWER TILING SERVICE, INC.; and Don M. Frey, Defendants-Appellees.
 No. 93-3115.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1994.
 
 On Appeal from the United States District Court, for the Northern District of Ohio, No. 91-07255; John W. Potter, Judge.
 N.D.Ohio
 REVERSED.
 Before: MERRITT, Chief Circuit Judge; GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Gay Lee Burkholder, individually, and as the administratrix of the estate of James L. Burkholder, and the Burkholders' children, appeal from the district court's order granting summary judgment to defendants, Bower Tiling Service, Inc., and the estate of Donnie M. Frey, on plaintiffs' wrongful death and pain and suffering claims. For the reasons stated below, we reverse.
 
 I.
 
 2
 Bower Tiling Service, Inc. (Bower Tiling) is an Ohio corporation that installs farm drainage systems. In 1985, the two shareholders of Bower Tiling formed a separate Ohio corporation, Great Lakes Inter-Drain Company (Great Lakes), to sell trenching machinery. Great Lakes occasionally used the services of Bower Tiling employees.
 
 
 3
 In April 1989, according to plaintiffs, Great Lakes hired James Burkholder to act as its sole sales representative. In May 1989, Burkholder and defendant Donnie M. Frey, a Bower Tiling employee who occasionally performed services for Great Lakes, drove to Maryland to transport equipment to be sold by Great Lakes. As they were returning to Ohio, the truck in which the two were riding crashed into another vehicle. Frey, who was driving at the time, and Burkholder died in the accident.
 
 
 4
 At the time of the deaths, Bower Tiling was a complying employer under the Ohio workers' compensation statutes. Burkholder's widow applied for workers' compensation death benefits for herself and for the couple's children under Bower Tiling's coverage; the application listed Bower Tiling as Burkholder's employer. After an investigation by the Bureau of Workers' Compensation, the Industrial Commission of Ohio decided that Burkholder's estate was entitled to workers' compensation death benefits. Neither Bower Tiling nor Burkholder's estate--both of whom were parties to the Industrial Commission hearing--appealed from the decision that the benefits were payable.
 
 
 5
 In May 1991, plaintiffs invoked the district court's diversity jurisdiction and sued defendants, seeking damages for pain and suffering and wrongful death. Plaintiffs' claims relied on the premise that Burkholder had been the employee of Great Lakes, not Bower Tiling, at the time of his death. On September 23, 1992, the district court concluded that defendants were entitled to the immunity granted by the Ohio Constitution and workers' compensation statutes and granted summary judgment in favor of both defendants. Plaintiffs appeal.
 
 II.
 
 6
 We review the district court's decision to grant summary judgment de novo. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 The Ohio Constitution and workers' compensation statutes grant to complying employers, i.e., employers who comply with the mandates of the workers' compensation statutes, immunity from suit by their employees for injuries or death arising out of the employment. Ohio Const. art. II, Sec. 35; Ohio Rev.Code Ann. Sec. 4123.74 (Anderson 1991 & 1993 Supp.). The district court held that Bower Tiling was entitled to immunity under these provisions. Because it treated the Industrial Commission's decision to award benefits as a determination that Burkholder was employed by Bower Tiling, the district court concluded that the doctrine of res judicata precluded consideration of that issue. The district court therefore did not entertain any evidence regarding the identity of Burkholder's employer.
 
 
 8
 The Ohio workers' compensation scheme also immunizes employees of complying employers from liability to their fellow employees for injuries or death arising out of the latter employee's employment. Ohio Rev.Code Ann. Sec. 4123.741 (Anderson 1991). The district court held that Frey was entitled to this statutory fellow-employee immunity. To reach this conclusion, the district court must have concluded that Frey was also an employee of Bower Tiling.
 
 
 9
 Plaintiffs contend that neither Bower Tiling nor Frey is entitled to immunity because Burkholder was not Bower Tiling's employee. We must decide whether the district court erred in ruling that, under Ohio law, res judicata precluded plaintiffs from challenging the conclusion, implicit in the Industrial Commission's award of benefits, that Burkholder was an employee of Bower Tiling.
 
 
 10
 Res judicata and collateral estoppel generally apply to quasi-judicial decisions made by administrative agencies from which no appeal has been taken. Wade v. City of Cleveland, 8 Ohio App.3d 176, 177, 456 N.E.2d 829, 831-32 (1982). Since neither Burkholder's estate nor Bower Tiling appealed from the Industrial Commission's decision, that decision would normally be res judicata.
 
 
 11
 On the other hand, res judicata is to be applied with flexibility, especially in the administrative context. City of Independence v. Maynard, 25 Ohio App.3d 20, 28, 495 N.E.2d 444, 454 (1985), cert. denied, City of Independence v. Tyler, 475 U.S. 1082 (1986). Res judicata operates only when the party against whom the preclusive effect of an earlier decision is asserted had the opportunity to fully litigate the claim he now seeks to propound. McAdoo v. Dallas Corp., 932 F.2d 522, 525 (6th Cir.1991) (citing Goodson v. McDonough Power Equip. Inc., 2 Ohio St.3d 193, 443 N.E.2d 978 (1983)). Furthermore, the adjudicative determination of an issue by an administrative tribunal generally does not preclude courts from addressing that issue unless it was formulated as it would be in a court and decided according to procedures similar to those of a court. Only when a fact is asserted and controverted before an administrative tribunal and determined by the tribunal does that determination preclude subsequent argument on the issue. Restatement (Second) of Judgments Sec. 83 (1982). We are confident that Ohio courts would adhere to the general rule. An Ohio court would not necessarily give preclusive effect to an administrative "determination" that is nothing more than the administrative decisionmaker's acquiescence in a mutual (possibly mistaken) assumption of a fact by the parties to the administrative proceeding, rather than the administrative decisionmaker's resolution of a controverted matter.
 
 
 12
 Although the Industrial Commission's order granting benefits to Burkholder's estate was premised on the assumption that Burkholder had been an employee of Bower Tiling, nothing in the record suggests that the parties raised, controverted, stipulated to, or specifically considered this issue. The Commission did not actually consider for whom Burkholder was an employee; it addressed only whether Bower Tiling was a complying employer under the workers' compensation statutes and whether Burkholder was killed while on the job. The Commission apparently based its unspoken and implicit conclusion that Burkholder was Bower Tiling's employee on the parties' assumption, mutually held when they completed the benefits application, about the identity of Burkholder's employer. That assumption may have been mistaken. Because no issue of fact concerning the identity of Burkholder's employer was presented to or decided by the Commission, plaintiff is not precluded from raising that issue in this case.
 
 
 13
 Accordingly, that issue of fact is yet to be resolved, and the district court should not have granted summary judgment based on issue preclusion. Although it may turn out that defendants are entitled to the immunity conferred by Ohio's workers' compensation laws, that outcome will depend on the resolution of the issue of fact concerning Burkholder's employment.
 
 III.
 
 14
 For the reasons noted, the order of the district court granting summary judgment in favor of defendants Bower Tiling and the estate of Donnie M. Frey is reversed and this cause is remanded for further proceedings consistent with this opinion.