OPINION
Akwen Ltd. ("Akwen") appeals from the judgment of the Portage County Court of Common Pleas reversing the Ravenna Board of Zoning Appeals' decision granting certain area variances to Akwen. The court of common pleas determined Akwen's second request for variances concerning the same property was barred by the doctrine of res judicata. For the reasons stated below, we affirm.
On March 23, 2000, George and Rhonda Rossow, Patricia Slater, William and Kathleen Summy, and Michael and Tina Whitmore ("appellees") filed a notice of administrative appeal objecting to the decision of the Ravenna Zoning Board of Appeals ("Board") granting variances to Akwen Ltd., permitting Akwen to construct a Wendy's restaurant on property located on Main Street in Ravenna. Appellees argued the decision of the Board was unsupported by the record, there was no showing of unnecessary hardship or practical difficulties by Akwen, and that the Board's prior decision regarding Akwen's 1998 request for a variance was res judicata,
depriving the Board of jurisdiction over the matter. Minutes of a meeting held before the Board, held February 21, 2000, reflects that no statements from the public were heard on the variance application by Akwen because the case was in the federal court. The Law Director for Ravenna stated that Akwen had redrafted its proposal, which had been approved by Ravenna and the Planning Commission. The proposal was being presented to the Board for its approval. The four variances requested were for a front yard variance of forty-eight feet (48'), instead of the fifty feet (50') required by ordinance; forty-one (41) parking spaces, as opposed to the forty-nine (49) called for by ordinance; a left set back of fifteen (15) feet, instead of the required twenty (20) feet; and a right set back of fifteen (15), instead of the twenty (20) feet dictated by the code. The proposed building met all of the zoning requirements. The requested variances concerned the related parking area.
Akwen had submitted an application for variances in 1998, concerning the same proposed Wendy's Restaurant on that site. Those requests for variances included a rear variance and side set backs of ten (10) feet. The Board denied Akwen's earlier application.
In their brief filed with the court of common pleas, appellees contended that the Board's earlier denial of the request for similar area variances by Akwen was res judicata for the current variance because the two proposals did not involve substantially changed circumstances. Appellees, adjoining property owners, contended their peace and quiet would be disturbed by the grant of the variances because the noise and traffic created by a Wendy's restaurant would be closer to their properties. Appellees maintained Akwen presented no evidence of a hardship or practical difficulties in support of the issuance of a variance. In order to grant an area variance, an applicant must demonstrate what practical difficulties would arise if the variance is not granted. SeeKisel v. Sandusky (1984), 12 Ohio St.3d 30, syllabus. A copy of the application for the variances shows the applicant did not respond to the section asking that any practical difficulties or particular hardship be described. Appellees contended no evidence of practical difficulties or particular hardship needed to grant an area variance was presented at the February 21, 2000 public meeting or was found in the minutes of the March 13, 2000 public hearing held on the matter. A court considers several factors to determine if practical differences are present. Those factors include (1) whether the property will yield a reasonable return or can be put to any beneficial use without the variance; (2) whether the variance is substantial; (3) if the essential character of the neighborhood would be substantially altered or adjoining parties would suffer a substantial detriment because of the variance; (4) whether the variance would adversely affect the delivery of governmental services; (5) if the owner knew of the zoning restriction prior to purchasing the property; (6) whether the owner's predicament feasibly can be obviated through some method other than a variance; and (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. Duncan v. Middlefield (1986),23 Ohio St.3d 83, syllabus. Because no evidence of these factors was presented at the meetings, appellees argued the Board's decision was not supported by a preponderance of substantial, reliable, and probative evidence.
Akwen countered by contending it did present evidence it would suffer substantial hardship if the variances would be denied because it could not make the highest and best use of the property. Further, the parking areas and travel lanes would be restricted and narrowed, endangering patrons. Akwen asserted res judicata did not apply because it requested somewhat different variances from those denied by the Board earlier.
On February 22, 2001, the court of common pleas issued its judgment entry. The court noted that Akwen's request for side variances increased from its first application variance while the number of parking spaces decreased from ten to eight spaces. No rear variance was requested in the current application. The request for a front variance remained the same. The building size was unchanged from the previous application. The court found that Akwen's second application did not differ substantially and sufficiently from its first application for variances. The second request for variances did not constitute the requisite changed circumstances needed to defeat the application of res judicata. The court of common pleas sustained the appeal and reversed the decision of the zoning board of appeals.
An appellate court applies a de novo standard of review to a determination of whether an action is barred by res judicata. The application of the doctrine of res judicata is a question of law which a reviewing court resolves without deference to the decision of the lower court. Payne v. Cartee (1996), 111 Ohio App.3d 580; Davis v. CoventryTwp. Bd. of Zoning Appeals (Feb. 14, 2001), Summit App. No. 20085, unreported, 2001 Ohio App. LEXIS 513.
In Akwen's first assignment of error, it disputes the application ofres judicata to the second application for variances. Akwen asserts that the deletion of the rear variance and the increase in the side variances by five feet constitute substantial changes from the first request for variances. Akwen also increased the number of proposed parking spaces in the second application by two spaces.
In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, the Supreme Court of Ohio held that res judicata applies to bar a second application for a zoning certificate if the second application is based upon a claim that arises from "a nucleus of facts that was the subject matter of *** [the] first application." Id. at 383. Res judicata will not bar the grant of a zoning application, after denial of a prior application covering the same property, upon a showing of changed circumstances. Set Products, Inc. v.Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 263. If there is a change in the facts raising a new material issue, then resjudicata will not bar the second application. Dauterman v. WashingtonTwp. Bd. of Trustees of Hancock Cty. (Apr. 20, 2000), Hancock App. No. 5-99-54, unreported, 2000 Ohio App. LEXIS 1707. Substantial differences in zoning applications can preclude the application of res judicata
because there does not exist the same controversy or legal issue as was previously determined. Wade v. Cleveland (1982), 8 Ohio App.3d 176, 178.
Both requests for variances by Akwen concerned setbacks relating to the parking lot for the same size building and use. Akwen did eliminate the rear variance, which abutted the only property zoned for residential use. The side variances were increased by several feet. Property owners expressed their opposition to vehicles parking closer to their property lines if the variances were granted. Significantly, the plans for the building, itself, and its size and use did not change.
The changes proposed by Akwen did not significantly alter the requests for variances previously put before the Board of Zoning Appeals. Both requests for variances stemmed from the setback requirements relating to the parking area. In both instances, Akwen claimed that, without the variances, it essentially would be denied use of a parking lot, depriving them of any benefit from the property. Both applications for variances derive from the same nucleus of facts. The changes in the proposed setbacks did not substantially alter the applications, especially since the size and use of the buildings were unchanged. Therefore, the court of common pleas correctly determined that Akwen's second application was barred by the doctrine of res judicata. Akwen's first assignment of error is overruled.
In its second assignment of error, Akwen contends appellees failure to file a motion to intervene in the proceedings concerning the first application, in 1998, precluded them from filing their own cause of action in the subsequent proceedings held in regard to the second application. Akwen never raised this argument with the court of common pleas. The failure to raise an argument below constitutes a waiver of the right to raise that argument for the first time on appeal. State ex. rel. Zollnerv. Indus. Comm. (1993), 66 Ohio St.3d 276, 278. Akwen's second assignment of error is overruled.
In its third assignment of error, Akwen argues the decision of the court of common pleas was arbitrary, capricious, and unlawful because it determined there were no substantial and sufficient differences between the two applications. Because this court already has determined that resjudicata does bar Akwen's second application, Akwen's third assignment of error is without merit.
For these reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.