DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Ottawa County Court of Common Pleas.
 {¶ 2} In 1920, Ascher Beach subdivision was platted along the southern shore of Lake Erie in Ottawa County. Appellants, Walter and Pauline Eaton and Kenneth and Barb Gracemeyer, and appellees, James and Pauline Little and Rollin and Marjorie Kokinda, are Ascher Beach property owners.
 {¶ 3} The original developer of Ascher Beach provided for a single lot along the lake shoreline for the entire length of the subdivision. A street paralleled the lot. Both the lot and the street were dedicated to "public use." Since the creation of the subdivision, however, a change in the lake level has resulted in both the lakeshore lot and the street becoming totally submerged.
 {¶ 4} Ascher Beach has seven streets running north to the lake. Appellees own the northernmost lots, now next to the lake, on Zeemon Street. In 1989, appellees petitioned the Ottawa County Commissioners to vacate the northern portion of Zeemon Street. After what the trial court characterized as an "altogether regular proceeding," the county commissioners vacated this portion of Zeemon Street on September 7, 1989. Sometime after the vacation, appellees erected a fence across Zeemon Street, effectively denying public access to the lake from that point.
 {¶ 5} Appellants own property on Zeemon Street, south of appellees. In 2003, appellants sued appellees, alleging that appellees' fence interfered with a private easement for access to the lake they held by virtue of the original plat.
 {¶ 6} On cross-motions for a summary judgment, the trial court concluded that, as a matter of law, appellants had no interest in the property at issue. This appeal followed.
 {¶ 7} Appellants assert three assignments of error: 1) that the trial court abused its discretion by ignoring material evidence of appellants' decreased real estate value; 2) the trial court made a mistake of law by not granting the easement rights of appellants; and 3) the trial court improperly applied KinnearMfg. Co. v. Beatty (1901), 65 Ohio St. 264, to the facts.
 {¶ 8} Civ. R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ.R. 56(C) and view the evidence in a light most favorable to the nonmoving party.Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
 {¶ 9} The trial court framed as the central question, whether appellants have a private interest in the vacated portion of Zeemon Street. We focus on the process in which Zeemon Street was vacated by the Ottawa County Commissioners.
 {¶ 10} Appellees maintain that because appellants did not assert their purported property rights at the vacation hearing or properly appeal the commissioners' resolution to vacate, appellants waived their right to assert an interest in Zeemon Street and are effectively barred from bringing their present claim. We agree.
 {¶ 11} A board of county commissioners has the statutory authority to vacate a county road under R.C. 5553.02. The commissioners have "* * * the discretionary power to vacate the road, presumably, in order for the board to become sensitive to the interests, requests, and needs of the community." Bigler v.Township of York (1993), 66 Ohio St.3d 98, 100. Pursuant to R.C. Chapter 5553, a board is to conduct a vacation hearing in which they are to consider the county engineer's reports, view of the property to be vacated, and hear testimony from surrounding landowners who may object to the vacation. It is at such a proceeding, where appellants or their predecessors in interest had an opportunity to assert their rights. Moreover, a resolution to vacate a road entered by a board of county commissioners may be appealed to a court of common pleas, pursuant to R.C. Chapter 5563. State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.
(1995), 72 Ohio St.3d 464.
 {¶ 12} There is no evidence in the record to suggest any irregularity in the vacation proceedings. There is nothing in the record to suggest that appellants or anyone else attempted a timely statutory appeal of the commissioner's resolution. Absent an objection at the vacation hearing or an appeal, appellants' claims are barred by the doctrine of res judicata. Wade v. Cityof Cleveland (1982), 8 Ohio App.3d 176, 177.
 {¶ 13} Although the trial court rendered summary judgment on the merits, in our view its consideration of the merits of this matter were unnecessary. Nevertheless, its conclusion was correct as appellants' claims were barred by res judicata. See, Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96. For this reason, appellants' assignments of error are not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Ottawa County Common Pleas Court is affirmed. Appellants are ordered to pay the court costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.