THE STATE EX REL. MEAD DIGITAL SYSTEMS,
APPELLANT, *v.* JONES ET AL., APPELLEES.

[Cite as *State ex rel. Mead Digital Sys.
v. Jones* (1996), 77 Ohio St.3d 30.]

(No. 94–2036—Submitted July 24, 1996—Decided October 30, 1996.)

32

*Chernesky, Heyman & Kress, Melanie R. Mackin* and *Karen R. Adams,* for appellant.

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee Jones.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* Multiple sclerosis is a progressively debilitating disease that is characterized by periods of symptom activity and remission. Cecil, Textbook of Medicine (15 Ed.1979) 846; Merck Manual of Diagnosis and Therapy (14 Ed.1982) 1354. Since claimant's MS preexisted his industrial injury, Mead views the condition as having two components—an underlying element for which Mead is not responsible and that portion of the condition that the industrial accident aggravated. Mead asserts that the latter must be confined to the symptomatic phase immediately following the industrial injury. Once those symptoms subsided, Mead contends, any future occurrences must be deemed attributable to the underlying condition and consequently are not Mead's obligation.

Mead urges us to revisit our holding in *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920. There, we stated:

"Because a disability must result from a work-related injury to be compensable, R.C. 4123.54, we entertain some doubt as to whether a compensable disability necessarily includes not only the component of disability attributable to the aggravation, but also the component of disability corresponding to the pre-existing condition. However, that question is not before us in this appeal, and must await resolution another day.

"But even if it is assumed that the statute provides compensation for both components of disability, and if it is further assumed that, as the [Ohio Manufacturers Association] argues, that result is unfair to the employer, then the appropriate remedy would be the amendment of the statute by the General Assembly. An injured worker, entitled to *some* compensation as a result of a work-related aggravation of a pre-existing condition, should not, by judicial fiat, be deprived of *any* compensation for that aggravation simply because the General Assembly, in our view, may have been overly generous in determining the amount of compensation." (Emphasis *sic.*) *Id.* at 4, 548 N.E.2d at 922.

In this instance, Mead's own actions dissuade us from reopening this issue. Mead asserts that any symptomatic activity that arose after the first post-injury remission period was not causally related to the industrial injury. Mead, however, overlooks the fact that it accepted as valid a C–85–A form submitted for the purpose of reactivating the claim after a period of remission. In so doing, Mead effectively accepted the recurrence as being causally related to the industrial injury. Mead's assertion is, therefore, inconsistent with its own actions, and undermines the persuasiveness of its position.

We find that the commission did not abuse its discretion in awarding permanent total disability compensation, and accordingly affirm the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.