COLE, Appellee,

v.

COMPLETE AUTO TRANSIT, INC., Appellant, et al.

[Cite as *Cole v. Complete Auto Transit, Inc.* (1997), 119 Ohio App.3d 771.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950953.

Decided May 28, 1997.

*Clements, Mahin & Cohen, William E. Clements* and *Catharin R. Taylor*, for appellee.

*Scott, Scriven & Wahoff, William J. Wahoff* and *Richard Goldberg*, for appellant.

*Per Curiam.*

Plaintiff-appellee Donald Cole, a truck driver, was employed by defendant-appellant Complete Auto Transit, Inc., ("Complete") as a member of a rail crew. On May 25, 1983, Cole injured his back while lifting a buck plate. Cole filed an Ohio workers' compensation claim, numbered 818894–22, which was allowed for lumbar strain and minimal disc bulge at L5–S1. Chiropractor Jay Geiser began to treat Cole after the injury.

On March 4, 1989, Cole was unloading vehicles in Windsor, Canada. Cole attempted to release tension on a ratchet with a thirty-six-inch tie-down bar. As Cole pulled down on the ratchet with his right hand, he reached with his left hand to remove the ratchet lock. The tension on the ratchet caused him to lose control of the bar so that his left hand and fingers were caught between the edge of the ramp and the tie-down bar. The force of the movement threw Cole forward into the trailer of the vehicle he was unloading. Cole sustained a fracture and crushing injury to three fingers on his left hand. He also suffered a low-back injury, abrasions, contusions and a cervical strain.

Cole filed Ohio workers' compensation claim number L34342–22 following the March 4, 1989 incident. The Ohio Industrial Commission denied the claim for lack of jurisdiction because on March 4, 1989, Cole was employed out of Michigan and injured in Windsor, Canada. Ultimately, Complete agreed to recognize the March 4, 1989, injuries in a Michigan workers' compensation claim that Cole filed.

Subsequently, Cole sought to reactivate his 1983 Ohio workers' compensation claim, attributing his recurring back problems to the May 25, 1983 accident. Complete opposed reactivation of the 1983 Ohio claim, arguing that any additional medical treatment should be attributed to the March 4, 1989, accident. On August 19, 1991, a district hearing officer determined that Dr. Geiser's bills for chiropractic treatment of Cole for the period of January 4, 1991, through January 28, 1991, were causally related to the industrial injury of May 25, 1983. Complete did not pursue an appeal of the order. Ultimately, the Industrial Commission denied Cole's application to reactivate his 1983 Ohio claim, holding that any treatment to the low back after the March 4, 1989 incident was not attributable to the May 25, 1983 accident.

Cole appealed to the Hamilton County Court of Common Pleas. Following a hearing, the trial court held that (1) the March 4, 1989 work incident was not an intervening low-back injury; (2) the May 25, 1983 incident was a proximate cause of Cole's need for low-back treatment after March 4, 1989; (3) Cole was entitled to authorization of low-back testing and treatment in Ohio claim 818894–22, the claim for the May 25, 1983 accident; and (4) "though unnecessary to this decision,

the court finds this matter *res judicata* * * *." Complete timely appealed, raising four assignments of error for our review.

We will first address the third assignment of error, which alleges:

"The trial court exceeded its subject matter jurisdiction by finding appellee is entitled to the authorization of low back testing and treatment in his 1983 claim, No. 818894–22 on or after March 4, 1989."

■ Complete argues that the trial court did not have jurisdiction pursuant to R.C. 4123.512 (formerly R.C. 4123.519), because the issue of whether Cole was entitled to receive benefits in his 1983 claim involves the extent of Cole's disability and not his right to participate in the Workers' Compensation Fund.

■ Only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519 (now R.C. 4123.512). *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph one of the syllabus. Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519 (now R.C. 4123.512). *Id.* at paragraph two of the syllabus; see *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175.

The Ohio Supreme Court stated in *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph one of the syllabus:

"An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim."

In *Evans,* the employee suffered a work-related back injury. The injury was aggravated in a non-work-related incident when the employee slipped and fell on some ice. The Industrial Commission granted temporary total disability compensation for the period prior to the second incident, but denied compensation for medical bills incurred after the second accident. The employee challenged the decision of the Industrial Commission by filing a complaint for a writ of mandamus in the Franklin County Court of Appeals. The Franklin County Court of Appeals granted the writ, holding that the employee could not appeal pursuant to R.C. 4123.519 (now R.C. 4123.512) because the decision of the Industrial Commission went to the extent of his disability; therefore, the employee had no adequate remedy at law.

The Ohio Supreme Court stated in paragraph two of the *Evans* syllabus that "the Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine a worker's right to participate in the State

Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519 (now R.C. 4123.512)"; however, the Supreme Court reversed the decision of the Franklin County Court of Appeals, holding:

"In this case, the commission did more than simply refuse to grant additional benefits for a specified time period. The hearing officer denied both temporary total disability benefits after December 30, 1986 and 'medical bills incurred after 1–8–87.' We understand this order to permanently foreclose Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986. This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519 (now R.C. 4123.512)." *Id.* at 240–241, 594 N.E.2d at 612–613.

Because the Industrial Commission "permanently foreclosed" Evans from receiving any further benefits under his claim, the order was appealable under R.C. 4123.519 (now 4123.512), and, therefore, he had an adequate remedy at law. *Id.*

In *Warman v. Kenner Products, Inc.* (1995), 103 Ohio App.3d 384, 659 N.E.2d 824, this court allowed an appeal under R.C. 4123.512 from a decision of the Industrial Commission not to reactivate a previously allowed workers' compensation claim because the employee had suffered an intervening injury which was not employment-related. We held that Warman had been prohibited from receiving future benefits when the Industrial Commission held that her current injuries resulted from the intervening incident; therefore, Warman's right to participate in the fund had terminated when the Industrial Commission refused to reactivate the claim.[1]

The Twelfth District Court of Appeals held in *Flora v. Cincinnati Milacron, Inc.* (1993), 88 Ohio App.3d 306, 623 N.E.2d 1279, that a decision of the Industrial Commission denying benefits on an existing workers' compensation claim because of a non-work-related intervening injury was appealable pursuant to R.C. 4123.512. The *Flora* court stated:

"In the case at bar, we find that the commission's decision reached the right of appellant to participate in the workers' compensation system. The commission found that appellant's September 1989 injury was caused by an intervening, non-work-related accident that was more than a mere aggravation of his prior condition. As such, the commission made a factual determination that appellant did not sustain the disability as a result of the work-related accident. Such a finding goes to appellant's right to participate in the system and it is therefore

---

1. The employer, Kenner Products, had filed a motion with the Industrial Commission requesting that Warman's benefits be terminated due to the intervening accident.

appealable to the common pleas court pursuant to R.C. 4123.519 (now R.C. 4123.512). * * * In any event, the practical effect of the commission's decision is a finding that appellant's current condition is not work-related. We find that such determination relates to appellant's right to participate and not merely to the extent of his injury." *Id.* at 309, 623 N.E.2d at 1280.

It is immaterial whether the intervening injury was non-work-related, as in *Warman* and *Flora*, or sustained in the course of employment while the claimant was working for another employer. *Lindamood v. Residence Inn* (Nov. 22, 1996), Montgomery App. No. 15763, unreported, 1996 WL 673263.

In the case *sub judice*, the staff hearing officers concluded that any treatment rendered to Cole for his recurring low-back problems after March 3, 1989 was causally related to the March 3, 1989 incident and was not to be recognized in his 1983 Ohio claim. This decision effectively prohibited Cole from obtaining future benefits for his low-back injury under his 1983 Ohio claim. Cole's right to participate in the Ohio Workers' Compensation Fund for his low-back injury was terminated. We hold that that the Industrial Commission's decision related to Cole's right to participate and was, therefore, appealable pursuant to R.C. 4123.512. The third assignment of error is overruled.

The fourth assignment of error alleges:

"The trial court erred in finding the August 19, 1991, Industrial Commission District Hearing Officer's order made the issue of intervening low back injury *res judicata*."

Prior to filing his motion to reactivate the 1983 Ohio claim, Cole filed a motion with the Bureau of Workers' Compensation to have Dr. Geiser's chiropractic bills for treatment rendered between January 4, 1991, and January 28, 1991, paid under his original claim. Complete objected and a hearing was held. The district hearing officer found that the treatment was causally related to the 1983 accident and ordered payment. Complete filed an appeal of the decision, but later withdrew it.

Complete argues that the district hearing officer's order providing for payment of Dr. Geiser's bills for Cole's chiropractic treatment for the period of January 4, 1991 through January 28, 1991 was not *res judicata* as to whether all treatment rendered after March 4, 1989 should be attributed to that accident. We point out that the trial court did not base its decision in this case on *res judicata*, even though the court found that the district hearing officer's determination that Dr. Geiser's bills for the period of January 4, 1991 to January 28, 1991 were causally related to the May 25, 1983 accident was *res judicata* as to whether all of the treatment rendered to Cole after March 4, 1989 was causally related to the May 25, 1983 accident.

The doctrine of *res judicata* applies to quasi-judicial decisions made by administrative agencies from which no appeal has been taken. *Scott v. E. Cleveland* (1984), 16 Ohio App.3d 429, 16 OBR 500, 476 N.E.2d 710; *Wade v. Cleveland* (1982), 8 Ohio App.3d 176, 8 OBR 236, 456 N.E.2d 829. In order for *res judicata* to apply, there must be an identity of parties and issues in the proceedings. *Beatrice Foods Co., Inc. v. Lindley* (1982), 70 Ohio St.2d 29, 24 O.O.3d 68, 434 N.E.2d 727.

The hearing officer's order did not address the issue of whether all treatment rendered after March 4, 1989, for Cole's low-back injury was causally related to the 1983 accident. The hearing officer addressed specific bills incurred over a three-week period. The order was clearly limited to those specific chiropractic bills. We hold that the hearing officer's decision was *res judicata* only as to payment for those specific bills included in the order. The fourth assignment of error is overruled to the extent that it refers to the chiropractic bills incurred from January 4, 1991 through January 28, 1991, which were the subject of the hearing officer's order. The assignment of error is sustained in all other respects.

The first and second assignments of error will be considered together. They allege:

"The trial court erred in finding the March 4, 1989, incident to not be an intervening low back injury;

"The trial court erred in finding the May 25, 1983, incident to have proximately caused appellee's need for low back treatment after March 4, 1989."

Complete argues that the trial court's decision was based upon insufficient evidence and against the manifest weight of the evidence to the extent that it held that (1) the March 4, 1989 incident did not constitute an intervening low-back injury; (2) the May 25, 1983 incident was a proximate cause of Cole's need for low-back treatment after March 4, 1989; and (3) Cole was entitled to authorization of low-back testing and treatment in his 1983 Ohio workers' compensation claim.

The trial court's judgment is based upon sufficient evidence where the record contains some competent evidence to sustain the findings of the trial court. *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest of the evidence. *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 11 OBR 478, 464 N.E.2d 545; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the

witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Initially, we point out that *State ex rel. Mead Digital Sys. v. Jones* (1996), 77 Ohio St.3d 30, 670 N.E.2d 995, and *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920, cited by Complete, are distinguishable from the case *sub judice* because they involved non-work-related preexisting conditions which were aggravated by work-related accidents.

Complete's expert, orthopedic surgeon Clyde Henderson, M.D., did not examine Cole. Henderson testified that he reviewed Cole's records. In Henderson's opinion, the 1983 incident would not have caused Cole's need for any low-back treatment after March 4, 1989. Henderson stated that a low-back injury usually resolves itself within six to eight weeks, and, therefore, that the 1983 injury should have resolved long before 1989.

Cole's treating chiropractor, Jay L. Geiser, testified that he had treated Cole since November 17, 1983 for Cole's May 25, 1983 industrial injury. Geiser stated that in his opinion, Cole had recovered from the March 4, 1989 industrial injury by 1990, and that the continuing treatment after 1990 was for the same low-back injury for which he had been treating Cole since 1983. Cole testified that within a week or two after the 1989 accident, his back had returned to the same condition it had been in before his 1989 injury.

We hold that the record contains competent, credible evidence that the May 25, 1983 injury was the proximate cause of the treatment rendered after March 4, 1989. The first and second assignments of error are overruled.

Pursuant to our holding under the fourth assignment of error, the trial court's judgment is hereby modified to reflect that the hearing officer's decision was *res judicata* only as to the chiropractic bills incurred from January 4, 1991 through January 28, 1991. The judgment of the trial court is affirmed as modified.

*Judgment affirmed.*

DOAN, P.J., GORMAN and SUNDERMANN, JJ., concur.