[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Stephanie Moss appeals from a judgment rendered against her on her claim against defendant-appellees Archie and Gail Sibley. Moss's claim arises from a breach of a residential purchase agreement, which required the Sibleys to purchase a home warranty plan for Moss's benefit. Moss filed suit seeking to recover monies expended for repair of the residence, which she claims would have been covered by the warranty had it been purchased.
Moss contends that the trial court erred in finding that she was unable to prove her damages without first permitting her to testify. She also contends that the trial court erred by requiring her to prove that if the warranty had been purchased it would have covered the repairs she made to the home.
We conclude that the trial court correctly required Moss to establish coverage under the warranty. We further conclude that Moss has mischaracterized the finding of the trial court. The court did not find that Moss was unable to prove the cost of the repairs made to the residence. Instead, the trial court correctly noted that since she had not proven coverage under the warranty, the cost of repairs could not be related to the breach of the contract. Accordingly, the judgment of the trial court isAffirmed.
 I
In 1996, Moss purchased a residence from the Sibleys. Pursuant to the purchase contract, the Sibleys were to purchase a home warranty plan from Ohio Referral Association for the benefit of Moss. The purchase price of the warranty was $400.
The Sibleys failed to purchase the warranty plan. Thereafter, Moss filed a complaint for damages in the Montgomery County District Court. In the complaint, she alleged that the Sibleys were required by contract to purchase a home warranty plan from Ohio Referral Association. She also alleged that she was required to make repairs to the home, and that the repairs would have been covered by the home warranty plan had it been purchased. She sought damages for the cost of the repairs, in the amount of $2,329.85.
At trial, Moss presented the testimony of her realtor. During the direct examination of the realtor, Moss introduced a document identified as an American Home Shield Warranty Plan. The realtor testified in regard to the coverage provided under that plan, and he also testified that the plan's purchase price was $390.
On cross-examination, the realtor admitted that the residential purchase contract did not require the Sibleys to purchase an American Home Shield Warranty Plan. Instead, he acknowledged that the plan to be purchased was a Preferred Warranty from Ohio Referral Association. Moss also referred the court to a letter indicating that the Sibleys were supposed to purchase a warranty plan from Ohio Referral Association. The realtor then stated that he did not have a copy of that warranty with him for purposes of testimony. Moss also admitted that she did not have a copy of the Ohio Referral Association warranty plan to submit to the court.
On re-direct, Moss elicited testimony from the realtor indicating that the coverage provided by the Ohio Referral Association plan was the same as that provided by the American Home Shield Warranty Plan. Later the realtor testified that the "terms or provisions which are covered under the warranties" vary from company to company, and that the two plans at issue "do have some kind of difference."
At the conclusion of the realtor's testimony, Moss stated that she had no other witnesses on the issue of coverage. Moss intended to present her own testimony in regard to the repair costs incurred. However, prior to Moss's testimony, the trial court ruled that Moss had failed to prove the terms of the applicable warranty plan and had therefore failed to prove that the repairs she had made would have been covered by the plan. The trial court then stated that there was no reason to continue with the trial. The trial court did award Moss the purchase price of the warranty plan.
It is from this ruling that Moss appeals.
 II
Moss's Second Assignment of Error states as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY REQUIRING PLAINTIFF-APPELLANT TO DEMONSTRATE THAT THE DAMAGES SHE SUSTAINED WOULD HAVE BEEN COVERED HAD DEFENDANT-APPELLEE COMPLIED WITH THE CONTRACT.
Moss contends that the trial court erred by requiring her to prove that the damages she sustained would have been covered by the subject warranty. Instead, she contends that the Sibleys, as the breaching party, had the burden to demonstrate that her damages would not have been covered.
Moss has failed to cite any authority for the proposition that once a party proves that another has breached a contract, the burden of proof shifts to the breaching party on the proximate cause issue; that is, whether certain damages were sustained as a natural and proximate result of the breach. In this case, Moss asserts a breach of contract and damages that would not have been incurred absent the breach. The breach of the contract, based upon the failure to purchase the warranty plan, was not disputed by the parties. Proof of breach in this case established damages solely for the cost of the purchase price of the plan. However, Moss also alleged that the warranty, had it been purchased, would have covered the cost of the repairs made to the residence.
Moss claims that the Sibleys, as the breaching party, were in a better position to know the contents of the warranty. Thus, she contends that once she established a breach, the Sibleys were required to prove that the warranty would not provide coverage. Since the Sibleys failed to affirmatively demonstrate that there was no coverage under the warranty, Moss claims that she was entitled to recover.
This argument ignores the fundamentals of pleadings and the proof required to support those pleadings. It is axiomatic that "* * * the burden of proof in any cause is upon the party asserting the [affirmative] of an issue, as determined by the pleadings, or by the nature of the case." 42 Ohio Jur.3d (1983), Evidence and Witnesses, Section 99. Moss essentially asks us to alter the burden of proof and to establish a rebuttable presumption; i.e., once breach of contract is established, absent any proof negating proximate cause by the breaching party, the non-breaching party is entitled to recover her damages regardless of whether she proves that her damages were proximately caused by the breach. We can find no authority that would permit us to do so. Moss "may not recover upon the weakness of the testimony of the defense, but upon the strength of [her] own proof." 42 Ohio Jur.3d (1983), Evidence and Witnesses, Section 101.
Moss's Second Assignment of Error is overruled.
 III
Moss's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY RULING THAT PLAINTIFF-APPELLANT WOULD BE UNABLE TO PROVE THE DAMAGE ELEMENT OF HER CLAIM WITHOUT PERMITTING HER TO TESTIFY.
Moss contends that because she was not permitted to testify in regard to the amount of her damages, the trial court erred by ruling that she could not prove her damages.
Moss's claim misapprehends the nature of the trial court's ruling. The trial court did not rule that Moss could not prove the amount of money expended to make repairs to the residence. Instead, the trial court's ruling was premised upon a complete failure to prove that the repairs made would have been covered under the subject warranty plan. Her cost of repairs would only have become material if she could show that she would not have had to bear that cost — in other words, that it would be covered by the warranty — had the proper warranty been purchased by the Sibleys. Without that connection to the Sibleys' breach of contract, Moss's cost of repairs would have been no more material to her cause of action than her cost of vacationing in Florida, for example.
The weight to be given the evidence and the credibility of witnesses is within the province of the trier-of-fact. Cole v.Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771, 777-778, citing State v. DeHass (1967), 10 Ohio St.2d 230. In this case, the trial court found that the realtor's testimony in regard to his knowledge of the contents of the Ohio Referral Association Warranty Plan was not credible. We find that the trial court's finding is supported by the record in light of the realtor's inability to testify to the specific contents of the plan, and his contradictory testimony in regard to the similarity between the different plans.
We also note that Moss does not claim that her testimony would have established the contents of the subject warranty. Since Moss did not submit a copy of the subject warranty plan for the trial court's review, the court had no way of determining the coverage provided by the plan.
Therefore, we conclude that even if Moss had been permitted to prove, and did prove, the amount expended to make the repairs, she would not have been able to recover those monies in light of the fact that she failed to establish that the repairs would have been covered by the Ohio Referral Association Warranty Plan. Thus, we cannot find that the trial court prejudicially erred by ruling against Moss prior to her testimony as to the amount of her damages.
Accordingly, the First Assignment of Error is overruled.
 IV
Both of Moss's Assignments of Error being overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
C. Douglas Mort
Joseph P. Moore
Paul M. Courtney
Hon. James A. Hensley, Jr.