DECISION.
Defendant-appellant David Hart appeals from the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator, pursuant to R.C. Chapter 2950, following his guilty plea to one count of gross sexual imposition. Hart advances three assignments of error in support of this timely appeal. Finding none of the assignments to have merit, we affirm the judgment of the court below.
In his first assignment of error, Hart contends that the trial court erred in finding that clear and convincing evidence supported his adjudication as a sexual predator. In his third assignment of error, Hart claims that the trial court erred by relying upon the opinion of a psychologist that Hart posed a high risk of re-offending without scientific validation of the method used to reach that conclusion. Because the assignments are related, we discuss them together.
In State v. Cook,[1] the Supreme Court of Ohio used a "manifest-weight" standard to review a trial court's determination that a defendant was a sexual predator. We therefore review the court's findings here to determine whether the classification of Hart as a sexual predator is against the manifest weight of the evidence. When a trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case, a reviewing court will not reverse that decision as being against the manifest weight of the evidence.[2] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[3]
A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses.[4] As noted above, Hart pleaded guilty to one count of gross sexual imposition, a sexually-oriented offense.[5]
At a sexual-predator hearing, the trial court has the discretion to consider all evidence that is cogent to the issues so long as the evidence satisfies a basic standard of being reliable, substantial, and probative.[6] Hearsay evidence may be considered at a sexual-predator hearing as long as it is determined to be reliable; reliable hearsay is that which, while not necessarily comporting with the rules of evidence, bears indicia that make its truth reasonably probable.[7]
During the hearing to determine whether Hart should be classified as a sexual predator, the trial court reviewed the presentence-investigation report, a five-page report by clinical psychologist Robert Kurzhals, Ph.D., and Hart's records from the Butler County Juvenile Court. The court also heard the sworn testimony of Hart's father, which included information about the sexual offense for which Hart had been adjudicated delinquent in 1995. At the hearing, Hart's counsel objected to the admission of the records from the Butler County Juvenile Court, but the trial court overruled the objection. Counsel did not object to the admission of any other evidence.
In his third assignment of error, Hart claims that the trial court erred in basing its adjudication of Hart as a sexual predator on Dr. Kurzhals's report because "[a]ny attempt to use expert testimony to predict what an accused might do in the future without some sort of scientific validation underDaubert v. Merrell Dow Pharmaceuticals, Inc (1993),509 U.S. 579, 113 S.Ct. 2786, would give rise to evidence which has no evidentiary weight." However, Dr. Kurzhals's report states that Hart was referred to Dr. Kurzhals for a determination of the "advisability of treatment" for Hart, not for a determination of whether Hart would commit future sexually-oriented crimes. Dr. Kurzhals stated an opinion that Hart "is seen as a poor candidate for any type of treatment. * * * The defendant's prognosis is considered to be poor."
Thus, Dr. Kurzhals's conclusion regarding the advisability of treatment for Hart was considered by the court not as expert testimony on the likelihood that Hart would commit future sexually-oriented offenses, but as one factor under R.C.2950.09(B)(2) in the court's independent determination of Hart's status as a sexual predator. R.C. 2950.09(B)(2)(j) allows the court to consider "[a]ny behavioral characteristics that contribute to the offender's conduct" in making its determination. Hart's amenability to treatment is one such behavioral characteristic. We overrule Hart's third assignment of error challenging the court's consideration of Dr. Kurzhals's report as a factor in determining Hart's status as a sexual offender.
We also overrule Hart's challenge to the court's adjudication of him as a sexual predator on the manifest weight of the evidence. In addition to Dr. Kurzhals's report, the court reviewed Hart's prior criminal record and heard testimony from Hart's father. Hart's father testified that Hart was adjudicated delinquent in 1995 as a result of gross sexual imposition involving his four-year-old sister. Hart's father testified that the conduct occurred more than once. Hart's father also stated that Hart had admitted to engaging in homosexual activity while he was in the custody of the Department of Youth Services. Further, Hart had failed to successfully complete treatment, probation and parole for prior offenses.
Our review of the record convinces us that the trial court's determination that Hart is likely to commit one or more sexually-oriented offenses in the future is not against the manifest weight of the evidence. The first and third assignments of error are overruled.
In his second assignment of error, Hart maintains that the lower court erred by failing to find that R.C. Chapter 2950 violates the Constitutions of Ohio and the United States. We disagree.
Hart first argues that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. In support of that contention, Hart cites State v. Williams.[8]
There, a majority of the Eleventh Appellate District held that Ohio's sexual-predator laws unreasonably interfere with an accused's right to privacy. We must respectfully disagree with our colleagues in the Eleventh Appellate District, and we join our colleagues in the Third,[9] Fifth,[10]
Seventh,[11] Eighth,[12] Tenth,[13]
and Twelfth[14] Appellate Districts in rejecting this challenge to the sexual-predator provisions of R.C. Chapter 2950 and holding that the registration and notification provisions of that chapter do not unreasonably interfere with an individual's right to privacy.
Hart next contends that to permit the legislature to impose registration requirements upon an offender based on the determination that the offender may commit sexually-oriented offenses in the future violates both procedural and substantive due process of law and also violates an accused's right to equal protection. This court has already rejected such challenges to the sexual-predator statutes.[15]
Finally, Hart proposes that R.C. Chapter 2950 is an unconstitutional bill of attainder. The Bill of Attainder Clause in the Ohio Constitution, Section 9, Article I prohibits "legislative acts, no matter their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." In State v. Cook,[16] the Supreme Court of Ohio held that the notification, registration and verification provisions of R.C. Chapter 2950 are remedial in nature rather than punitive. Thus, the provisions of R.C. Chapter 2950 do not violate the Ohio Constitution's prohibition against bills of attainder.
Accordingly, we overrule Hart's three assignments of error, and we affirm the judgment of the trial court.
Judgment affirmed.
 Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
[2] See Shear v. West American Ins. Co. (1984), 11 Ohio St.3d 162,164, 464 N.E.2d 545, 547; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578, 579.
[3] See Cole v. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,777, 696 N.E.2d 289, 293; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[4] R.C. 2950.01(E).
[5] R.C. 2950.01(D)(1).
[6] State v. Lee (1998), 128 Ohio App.3d 710, 716 N.E.2d 751.
[7] See id.
[8] (February 2, 1999), Lake App. No. 97-L-191, unreported, appeal allowed (1999), 86 Ohio St.3d 1406, 711 N.E.2d 233.
[9] See State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported.
[10] See State v. Bolster (Sept. 20, 1999), Stark App. No. 1998CA00136, unreported.
[11] See State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported.
[12] See State v. Ward, (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
[13] See State v. Lower (Sept. 9, 1999), Franklin App. No. 98AP-1275, unreported.
[14] See State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported.
[15] See State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970282, C-970283, and C-970301, unreported.
[16] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.