[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 25, 1996, defendant-appellant Terrance Baker was convicted of rape. He was sentenced to ten to twenty-five years' incarceration, with ten years of actual incarceration. A sexual-predator hearing was held on June 8, 2000. The prosecutor stated that Baker had been found guilty of having sexual intercourse with an eleven-year-old girl. The prosecutor requested that "any PSI or institutional recommendation be incorporated into the record." Defense counsel stated that Baker had completed the Polaris Program, as well as drug-treatment and sexual-offender programs, and that Baker was completing his college degree. No other documentary evidence or sworn testimony was submitted. The trial court found Baker to be a sexual predator, stating, "I do believe, based upon the charge, he should be found to be a sexual predator and I so find him to be." Baker has appealed.
Baker's sole assignment of error alleges that that the trial court's finding that he was a sexual predator was based upon insufficient evidence. In a civil case, the test for sufficiency and manifest weight of the evidence is essentially the same. See Cole v. Complete AutoTransit, Inc. (1997), 119 Ohio App.3d 771, 696 N.E.2d 289; Duvall v. TimeWarner Entertainment Co. (June 25, 1999), Hamilton App. No. C-980515, unreported. An appellate court will not reverse a civil judgment on the weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the claim or defense. SeeMyers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
In order for the trial court to find that Baker was a sexual predator, the prosecution was required to prove by clear and convincing evidence that Baker was likely to commit a sexually-oriented offense in the future. See R.C. 2950.01(E); R.C. 2950.09(B)(3); State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported. In determining whether Baker was a sexual predator, the trial court was required to consider "all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of [R.C. 2950.09]." See R.C. 2950.09(C)(2)(b);State v. Jones (Dec. 22, 2000), Hamilton App. No. C-000311, unreported. R.C. 2950.09(C)(2)(b) provides that the trial court shall determine whether the offender is a sexual predator "after reviewing all testimony and exhibits presented at the sexual predator hearing and the [statutory] factors."
There is no indication in the record that the trial court properly considered the R.C. 2950.09(B)(2) factors in determining that Baker was a sexual predator. What is clear from the record is that the trial court did not engage in a process of weighing the evidence as contemplated by R.C. 2950.09. The trial court stated that it found Baker to be a sexual predator "based on the charge," and not upon any consideration of the statutory factors or any weighing of the evidence.
The assignment of error is sustained solely for the reason that the trial court did not properly consider the statutory factors or engage in a process of weighing the evidence as contemplated by R.C. 2950.09. Therefore, the judgment of the trial court finding Baker to be a sexual predator is reversed, and the cause is remanded for a new sexual-predator hearing in compliance with R.C. 2950.09, and for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.