DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Municipal Court judgment, issued after a bench trial, in favor of CHR Enterprises, Ltd., dba Inthreadable Art, plaintiff below and appellee herein, on its claim against Larry DeMint, dba Marketing Mint, defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER APPELLANT'S TESTIMONIAL EVIDENCE PRESENTED AT TRIAL."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT NOTED THAT NO HARD COPIES OF E-MAIL EVIDENCE WERE PRESENTED WHEN THE TRANSCRIPT INDICATES OTHERWISE."
THIRD ASSIGNMENT OF ERROR:
 {¶ 4} "THE LOWER COURT'S DECISION WAS ERRONEOUS AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} Appellee is a "contract wholesaler" and performs custom embroidery work. Appellant is apparently a middle-man between wholesalers and customers who desire specialty clothing. In 2001, appellant entered into a contract with appellee to provide shirts with a custom embroidered logo for Ohio Willow Wood Co. in Mt. Sterling, Ohio. Appellee completed the order and shipped the shirts to the customer. Appellant, however, did not pay appellee for the shirts.
 {¶ 6} On October 18, 2001, appellee commenced the action below and alleged that appellant owed it $1,070 on account. Appellant did not respond to the allegations, but filed a counterclaim and alleged that appellee owed him $1,379.25 on account. The matter came on for hearing on January 10, 2002. Both sides appeared pro se and presented their respective cases to the trial court.
 {¶ 7} Irvin Rollison, a general partner with appellee, testified that he received the order and printed a sample shirt which he sent to appellant for approval. The witness also stated that appellant eventually called him and said to proceed with the order in the manner requested in the sample. Appellee then embroidered the remaining shirts and shipped them to the client. Subsequently, appellant contacted appellee and stated that the wrong color thread had been used to embroider the logo and that the customer would not accept the shirts.
 {¶ 8} Appellant testified that he did not approve the sample, and that he specifically told Rollison that the wrong thread was used. Appellee, however, used the thread in its embroidery anyway. Appellant further claimed that he was forced to "cover" the order for his customer and buy the shirts elsewhere at a cost of $1,308.20, which is the amount he asked for as damages in his counterclaim.
 {¶ 9} On February 25, 2002, the trial court entered judgment in appellee's favor and found that appellant gave verbal approval for the shirts that were embroidered. The court awarded appellee $891.67 in damages. This appeal followed.[2]
 I {¶ 10} Appellant argues in his first assignment of error that he gave "sufficient credible testimony" to establish that he had disapproved the shirt sample and that appellee nevertheless made the shirts knowing them to be wrong. He concludes that the trial court unreasonably and arbitrarily rendered a decision contrary to his testimony. We disagree.
 {¶ 11} It is well-settled law that the weight of the evidence and credibility of witnesses are issues to be determined by the trier of fact. Cole v. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,777-778, 696 N.E.2d 289; GTE Telephone Operations v. J HReinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. The underlying rationale for this concept is that the trier of fact is better able than an appellate court to view the witnesses and observe their demeanor, gestures, and voice inflections and use those observations in weighing credibility. Myers v. Garson (1993),66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, the trier of fact is free to believe all, part or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35,42, 623 N.E.2d 591; also see State v. Nichols (1993), 85 Ohio App.3d 65,76, 619 N.E.2d 80; State v. Harriston (1989), 63 Ohio App.3d 58, 63,577 N.E.2d 1144.
 {¶ 12} In the case sub judice, the parties presented the court with two very different versions of the facts. Rollison testified that appellant approved the sample shirt. Appellant testified that he did not. The trial court apparently found Rollison's testimony to be more credible. This was well within the court's province and we find no reversible error in that decision.
 {¶ 13} Accordingly, based upon the foregoing reasons we hereby overrule appellant's first assignment of error.
 II {¶ 14} Appellant's second assignment of error concerns a comment by the trial court in its judgment entry. After remarking that the parties sent cross e-mail messages concerning the order, the court noted that "neither party had hard copies of the email messages." Appellant then cites to a portion of the transcript wherein the court talks about seeing a "copy of the e-mail." Thus, appellant concludes, the court committed reversible error because hard copies of the e-mail did exist. We find no merit in this argument.
 {¶ 15} First, it is not apparent to us that the e-mail "hard copies" do actually exist. The alleged copies were not included as part of the record of the proceedings and we find no indication in the transcript that any copies were admitted into evidence. Second, the relevance of these e-mails is not entirely clear. Rollison and DeMint gave confusing testimony, not only on this issue but on many points in the transcript. Both sides appeared pro se at the trial and the proceedings were conducted more as a dialogue with the trial court than as an actual trial. While this undoubtedly made the process easier for the litigants, and is to be commended in that respect, it renders the transcript rather difficult for us to follow on appeal. In any event, this case turned on whether appellant approved the sample shirt. He claims he did not. Rollison claims that he did. Thus, it is not clear to us what bearing those alleged e-mail messages have on this case. Third, as we noted infra in this opinion, sufficient evidence exists on the record for the court to find that appellant breached the contract and owed money on account to appellee. Any mistake by the court regarding the existence or non-existence of e-mail "hard copies" would have constituted harmless error. See Civ.R. 61.
 {¶ 16} Accordingly, based upon the foregoing reasons we overrule appellant's second assignment of error.
 III {¶ 17} Appellant argues in his third assignment of error that the trial court's judgment is against the manifest weight of the evidence. Again, we disagree.
 {¶ 18} Judgments supported by some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 19} There is no dispute in this case that a contract existed between the parties for the custom embroidery of 125 shirts. Also, no question exists that the shirts were completed, shipped and that appellant did not pay for them. The sole question is whether appellee breached the contract by not following the order to its proper specifications, or whether appellant breached by not paying what was owed. Rollison testified that appellant approved the sample shirt and that he proceeded to embroider the remainder of the shirt order to that specification. This evidence constitutes adequate competent, credible evidence on which the trial court could find that appellee complied with the terms of their agreement and that appellant breached the agreement by not making payment. Thus, for these reasons, we find no merit in the third assignment of error and it is hereby overruled.
 {¶ 20} Accordingly, having reviewed all errors assigned and argued in the brief, and finding merit in none of them, the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[2] The amount of damages appellee originally requested was based on 150 shirts having been made. Although this was the number testified to by Rollins, the court found that 125 shirts were produced and awarded damages on that basis.