DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment in favor of Connie Conley, plaintiff below and appellee herein, on her claim against Burlin Caudill, defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred in finding that defendant/appellant was liable for any damages to the trailer was against the manifest weight of the evidence and contrary to law."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred in calculating the damages owed to the plaintiff/appellee."
 {¶ 2} Appellant owns several lots of real estate on Coal Dock Road that he lets out as space on which to park mobile homes. Appellant previously leased one of those lots to Phillip Balzer. Balzer sold his mobile home to Wes Stone, who then traded the mobile home to appellee in exchange for a jeep. When appellee sent workers to retrieve the mobile home, however, it was gone. She later discovered that appellant had removed the mobile home and was keeping it at his farm until he was paid $600 for back lot rent.
 {¶ 3} Appellee commenced this action on June 8, 2000 and sought replevy of the mobile home and damages. Apparently, sometime after the case was filed appellee was provided with access to the mobile home on appellant's property and she discovered that it was so badly damaged as to be uninhabitable. Appellee amended her complaint and asked for damages (1) to repair the mobile home, and (2) to compensate her for rent she paid to live elsewhere while unable to live in the mobile home. Appellant answered both complaints and admitted that he took the mobile home, but denied that he was liable to appellee for any damages.
 {¶ 4} The matter came on for a bench trial on July 17, 2002. Appellant and several witnesses testified that the mobile home was in good condition when she purchased it from Wes Stone. When the mobile home was retrieved from appellant's farm, however, it was badly damaged and missing a hot water heater, washer/dryer, microwave oven and other items of personal property that were stored inside. Appellant denied that he took any items from the mobile home. Further, he and several other witnesses testified that the mobile home was in poor condition before he took it.
 {¶ 5} The trial court entered judgment in favor of appellee on September 30, 2002 and awarded her $5,000 in damages for both the value of the mobile home and for the rent she paid to live elsewhere while appellant had the mobile home in his possession. A nunc pro tunc entry was filed several days later and this appeal followed.
 I {¶ 6} Appellant argues in his first assignment of error that the trial court's judgment is against the manifest weight of the evidence. Specifically, he contends that no evidence establishes the existence of a contract of bailment or that he failed to exercise ordinary care while the mobile home was in his possession such that appellee could recover under a bailment theory. We reject this argument because (1) it is not entirely clear that this case was brought, or that the court found for appellee, under a bailment theory and (2) appellate courts should affirm a trial court's judgment so long as that judgment can be sustained under any appropriate legal theory.
 {¶ 7} We note that at the outset that neither the complaint nor the amended complaint specifically pled an action in bailment and that the trial court's judgment did not specify that it found for appellee under such a theory. Appellee pled that the mobile home was taken and concealed from her. This could sound in a simple action in trespass de bonis asportatis[1] — or trespass to chattel. A trespass to chattel occurs when one intentionally dispossesses another of their personal property. 75 American Jurisprudence2d (1991) 23, Trespass, § 17. That said, there was no question below that appellant took the mobile home. He admitted to this in both his answer and in his amended answer. In light of the fact that appellant did not assert any legal right to take the mobile home, such as a valid lien against it, the evidence adduced in the trial court clearly supports a finding of trespass to appellant's property.
 {¶ 8} We also point out that the amended complaint sought damages for "replacement costs" of the mobile home and/or personal property destroyed or removed therefrom and the trial court awarded her damages in the amount of $3,500 for the value of the mobile home. This claim could sound in conversion.[2] The elements of a conversion claim are: (1) a plaintiff's ownership or right to possession in property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of the plaintiff's property rights; and (3) damages. Cremeans v. Robbins
(Jun. 12, 2000), Ross App. No. 99CA2520. Again, there is no dispute that appellee owned the mobile home or that appellant took possession of the mobile home and kept it at his farm. There was also no evidence adduced below to establish that appellant had a legal right to possess the mobile home. In addition, several witnesses testified that the mobile home was inhabitable before appellant removed it, but was uninhabitable when recovered from appellant's farm. Also, testimony established that several items of personal property were removed from the interior of the mobile home. This provided a sufficient basis for the trial court to find that appellant committed the tort of conversion.
 {¶ 9} Judgments supported by some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard of review is extremely deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20. In the case sub judice, we believe that sufficient evidence was adduced to support the trial court's judgment for appellee under either a trespass or a conversion claim. For all these reasons, appellant's first assignment of error is without merit and is hereby overruled.
 II {¶ 10} In his second assignment of error, appellant argues that the trial court erred in its calculation of damages. In particular, appellant contends that the evidence does not support a finding that the mobile home had a value of $3,500. We disagree. Appellee expressly testified below that she traded a "CJ-7 Jeep" worth $3,500 for the mobile home. Appellant counters that in other portions of the transcript, appellee also testified that she paid $500 for the mobile home and that the certificate of title (a copy of which was attached as an exhibit to appellee's complaint) revealed that the "purchase price" for the mobile home was $10.
 {¶ 11} We concede that the evidence in the record is somewhat unclear and conflicting. Appellant explained some of the discrepancies, however, as based on her misrepresentation of the sales transaction in order to avoid paying sales tax. She was also emphatic that the jeep had a value of $3,500 when she traded it for the mobile home and that this was the measure of damages she wanted to recover.[3]
 {¶ 12} We emphasize that the weight of the evidence and the credibility of witnesses are issues generally for the trier of fact. Colev. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771, 777-778,696 N.E.2d 289; GTE Telephone Operations v. J H Reinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. The underlying rationale for this is that the trier of fact is better able than an appellate court to view the witnesses and observe their demeanor, gestures, and voice inflections and use those observations in weighing credibility. Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. The trier of fact is then free to believe all, part or none of the testimony of any witness who appears before it. Rogers v.Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F.Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; also seeState v. Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v.Harriston (1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
 {¶ 13} In the instant case, the trial court apparently believed appellee's testimony that the jeep was worth $3,500 and was the object that she traded for the mobile home. This evidence is sufficient to prove the value of the mobile home. We also point out that the measure of damages for either trespass or conversion is the value of the property. See 75 American Jurisprudence2d, supra at 96, § 127 (when trespass to property results in its destruction, the plaintiff can recover its entire value); 18 Ohio Jurisprudence3d (2001) 381, Conversion and Replevin, § 34 (measure of damages in a conversion action is the value of that property at the time of conversion). Appellee's testimony that she traded a $3,500 jeep for the mobile home constitutes sufficient evidence to find that the mobile home had a value of the same amount. Thus, we find no error in the trial court's decision to award that amount to appellee as damages. Appellant's second assignment of error is therefore without merit and is hereby overruled.
 {¶ 14} Having reviewed the two errors assigned and argued in the briefs, and after finding merit in neither of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Trespass de bonis asportatis is the name for the action for trespass or injury to personal property when that property is carried away. Black's Law Dictionary (5th Ed. 1979) 1347.
[2] Conversion is a greater tort than mere trespass de bonis asportatis and occurs when the interference with property has been so great as to impose the fiction of a "forced judicial sale" and require the defendant to pay the full value of the property interfered with. Prosser 
Keeton, Torts (5th Ed. 1984) 90, § 15. The measure of damages in a conversion action is generally the value of the property at the time of conversion. 18 Ohio Jurisprudence3d (2001) 381, Conversion and Replevin, § 34.
[3] We parenthetically note that owners may testify as to the value of their property. See generally, Francis v. Wilson (Jan. 25, 1999), Washington App. No. 97CA40; Smith v. Seitz (Jul. 9, 1998), Vinton App. No. 97CA515.