DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment, entered after a bench trial, in favor of Cox Paving, Inc. (Cox), plaintiff below and appellee herein, on its claims against Indell Construction Corporation (Indell), defendant below and appellant herein.
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE APPELLANT AND APPELLEE ENTERED INTO ORAL CONTRACTS AND ORDERING THE APPELLANT TO PAY DAMAGES FOR ITS BREACH OF THOSE ORAL CONTRACTS." *Page 2 
 {¶ 3} Indell was the general contractor on a building project for the "Lynchburg Area Joint Fire and Ambulance District." Indell entered into a $81,337 subcontract with Cox for the latter to provide asphalt paving, stone paving and stone base work.
 {¶ 4} Indell subcontracted with C L Engineering Contractors, Inc. (C L) to perform the excavation for the new fire station. Whether C L performed its obligations under the contract is one major area of contention. Fred Cox III, Vice-president of Cox, claimed that C L excavated too deeply and prompted Indell to ask Cox to correct the work. According to Cox, this required his company to bring in additional equipment to backfill the excavation and to establish a proper subgrade. It also required additional stone to build up the foundation. Brent Spears, Indell President and CEO, claimed, however, that C L performed its required excavation work and Cox was not asked to fix anything.
 {¶ 5} On July 26, 2006, Cox filed the instant action and alleged, inter alia, breach of contract, unjust enrichment and quantum meruit. Cox requested $25,031.04 in compensatory damages.[1] Indell denied liability. After the bench trial and the parties' post-trial briefs, the trial court issued its judgment in favor of Cox. In particular, the court found that C L was terminated and the parties entered into a separate, oral contract for Cox to repair the damage C L caused, including providing additional stone. *Page 3 
Cox was not paid for that work and, thus, it was awarded a $25,031.54 judgment against Indell.
 {¶ 6} Because the judgment entry expressly deferred the attorney fee request until a later date, the order was neither final or appealable. Subsequently, another judgment was issued that denied the request for attorney fees. This appeal followed.
 {¶ 7} Indell asserts in its sole assignment of error that the trial court erred by finding that it entered into an oral contract with Cox for additional work and by awarding damages for the breach of that oral contract. We disagree.
 {¶ 8} Our analysis begins with a recitation of our standard of review. Judicial interpretation of contract language is a question of law for which appellate courts apply a de novo standard. Plymale v.Wolford, Jackson App. No. 05CA5, 2005-Ohio-5224, at ¶ 7; Drake v.Drake (Jun. 3, 1998), Highland App. No. 97CA934; Hurst v. Baker (Apr. 17, 1997), Gallia App. No. 96CA07. In other words, appellate courts afford no deference to the trial court whatsoever and conduct their own, independent review as to the meaning of the contract. However, to the extent that a trial court's judgment is based upon factual determinations, appellate courts must not overturn the decision if it is supported by some competent, credible evidence. See Shemo v. MayfieldHts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. This particular standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596, at ¶ 24. We now turn our attention to the instant proceeding. *Page 4 
 {¶ 9} Indell's argument is premised on paragraph 6.1 of its subcontract with Cox.[2] That paragraph requires that "all changes" within "the general scope of the agreement" be made "in writing." No evidence of any written change order was introduced into evidence, however, and Indell claims that the absence of such a writing precludes Cox from recovery because it failed to follow the subcontract's protocol. The correctness of that argument turns on whether the additional work that Cox performed fell within the "general scope" of its subcontract. (Emphasis added.) The trial court concluded that it did not. For the following reasons, we agree with the trial court's conclusion.
 {¶ 10} The parties' subcontract is a form generated by the "Associated General Contractors of America" and, as such, does not clearly specify the "general scope of the subcontract" insofar as Cox is concerned. Fortunately, that does not matter here as even Brent Sears testified that his company (Indell) only employed Cox as the "asphalt and gravel subcontractor." He did not mention anything about Cox performing excavation work. Indeed, the testimony of both sides was that C L was contracted to perform the excavation work. Thus, if C L was fired from the job, and Cox hired to finish its work, this activity is outside the "general scope of the [original] subcontract" *Page 5 
with Cox. Indeed, as the trial court aptly noted in its February 27, 2008 judgment, "[s]imply because two parties have entered into a written contract to accomplish a certain task does not mean that the same parties are precluded from entering into additional contracts . . . to accomplish certain other tasks." Our review of the transcript supports the trial court's interpretation of what happened at the work-site.
 {¶ 11} Fred Cox testified that once C L was fired, Brent Sears called him and asked Cox to finish the excavation work and "finish establishing a subgrade" on a "time and material basis." Cox continued that Sears agreed to "take care" of the additional cost incurred by his company to finish the work that C L had started, but did not complete. We readily acknowledge that contradictory evidence on this issue was adduced during the trial court proceeding. Brent Sears testified that C L performed all the excavation work and further denied that he agreed to pay Cox for the additional work. This contradicts Fred Cox's testimony, but credibility issues are left to the trial court to determine as the trier of fact. See Cole v. Complete Auto Transit,Inc. (1997), 119 Ohio App.3d 771, 777-778, 696 N.E.2d 289; Jacobs v.Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466, at ¶¶ 31; Reed v.Smith (Mar. 14, 2001), Pike App. No. 00CA650. The underlying rationale for appellate courts to defer to the trier of fact on matters of evidence weight and witness credibility is that the trier of fact is best positioned to view the witnesses and to observe their demeanor, gestures, and voice inflections and to use those observations to weigh credibility. Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), *Page 6 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Here, the trial court was free to believe all, part or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42,623 N.E.2d 591. The trial court obviously found Fred Cox's account more credible than Brent Sears' account and that was well within the court's province as the trier of fact.
 {¶ 12} Excavation and establishing a subgrade were not part of the original subcontract between Indell and Cox. Had it been, there would have been no reason to subcontract with C L to perform that work. Rather, the excavation would have been included in the subcontract with Cox. Thus, paragraph 6.1 of the subcontract has nothing to do with the work at issue in the case sub judice. The evidence, therefore, supports the trial court's determination that Indell and Cox entered into a separate and distinct contract to complete the work originally subcontracted to C L. As such, we will not overturn that determination.
 {¶ 13} For these reasons, we find no merit in the assignment of error and it is hereby overruled and the trial court's judgment is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion
[1] Cox also joined as a party defendant the Lynchburg Area Joint Fire and Ambulance District (fire ambulance district) on the basis of a lien on claim for public funds. The lien was later ruled invalid by the trial court and ordered "vacated." However, prior to that judgment the fire ambulance district filed a cross-claim against Indell for various defects in the new fire station and was ultimately awarded a judgment against Indell for $3,763. Because nothing from that cross-claim is at issue in this appeal, we do not address it in our decision.
[2] The subcontract contained the following language:
 "6.1 CHANGES. When the Contractor so orders in writing, the Subcontractor, without nullifying this Agreement, shall make any and all changes in the work, which are within the general scope of the Agreement.
 Adjustments in the contract price or contract time, if any, resulting from such changes shall be set forth in a Subcontract Change Order pursuant to the Contract Documents.
 No such adjustment shall be made for any such changes performed by the subcontractor that have not been so ordered by the Contractor. *Page 1