[Cite as *Cline v. Fairland Local School Dist.*, 2013-Ohio-886.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| JO LEE CLINE, | : | Case No. 12CA15 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| FAIRLAND LOCAL SCHOOL DISTRICT | : | |
| BOARD OF EDUCATION, | : | |
| | : | **RELEASED 02/25/13** |
| | : | |
| Defendant-Appellee. | : | |

_____
APPEARANCES:

Susan Hayest Kozlowski, William J. Steele, and Lora A. Molnar, CLOPPERT, LATANICK, SAUTER & WASHBURN, Columbus, Ohio, for appellant.

R. Gary Winters and Ian R. Smith, McCASLIN, IMBUS, & McCASLIN, Cincinnati, Ohio, for appellee.
_____
Harsha, J.

**{¶1}**   Jo Lee Cline had an extended limited contract contract to work as a teacher in the Fairland Local School District for the 2010-2011 school year.  After the Fairland Local School District Board of Education (the "Board") decided not to reemploy her, she filed an appeal with the Lawrence County Court of Common Pleas.  Subsequently, the Board conceded that it did not follow proper teacher evaluation procedures and had to reemploy Cline.  However, the parties disagreed about the type of contract to which she was entitled.  Cline appeals the court's judgment finding that the Board had to reinstate her under a limited contract.  She claims that under R.C. 3319.11 she is entitled to a continuing contract, i.e., tenure.  The Board argues that the court correctly found that a collective bargaining agreement ("CBA") supersedes

statutory requirements for tenure, and Cline needs, but does not have, the superintendent's recommendation to be eligible for a continuing contract.

{¶2}  Cline contends that the CBA does not supersede the statutory requirements for her to receive tenure.  The Board argues that the CBA does so in Article 16, 16.01(5), which contains a provision stating that eligibility for a continuing contract requires the superintendent's recommendation.  The Board argues that this requirement explicitly preempts the tenure requirements in R.C. 3319.11 based on language within 16.01(5) that states: "This paragraph supersedes provisions of R.C. 3319.11 and .111 to the contrary."  However, 16.01(5) contains three paragraphs, and the quoted language appears in the last paragraph, which does not contain the recommendation requirement.  Therefore, the CBA does not use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt the tenure eligibility requirements in R.C. 3319.11.  Thus, the CBA does not supersede statutory law.  And because the Board implicitly concedes that Cline is entitled to a continuing contract if the CBA does not prevail and statutory law applies, we reverse the common pleas court's judgment and remand with instructions for the court to order Cline's reinstatement under a continuing contract.

## I.  Facts

{¶3}  Cline began to work as a teacher for the Fairland Local School District in 2006.  The Board employed her under one-year contracts for the 2006-2007 and 2007-2008 school years.  The Board reemployed her under a two-year contract for the 2008-2009 and 2009-2010 school years.  Evidently, the Board voted to not reemploy Cline when this contract expired.  However, the Board apparently determined that it failed to

comply with the appropriate teacher evaluation procedures and that by operation of law, it had to reemploy Cline under an "extended limited contract" for the 2010-2011 school year. The Board admits that it gave Cline an extended limited contract even though the contract itself is titled "TEACHER'S LIMITED CONTRACT." This contract states that it is "subject to the terms, conditions and amendments of the contract between the Fairland Association of Classroom Teachers and the Fairland Local Board of Education." In other words, it is subject to the terms of a CBA that was in effect from July 1, 2009, to June 30, 2012.

{¶4} The Board again voted to not reemploy Cline when her latest contract ended. Cline filed an appeal with the Lawrence County Common Pleas Court. On appeal, the Board conceded that it had to reemploy Cline because it again failed to comply with the proper teacher evaluation procedures. However, the parties disagreed about Cline's remedy. Cline claimed that she most recently had an extended limited contract under R.C. 3319.11(B); therefore, under that provision she had to be reemployed under a continuing contract. The Board argued that Article 16, 16.01(5) of the CBA conflicted with and superseded Cline's statutory rights. Specifically, the Board argued that unlike R.C. 3319.11(B), the CBA requires a teacher to obtain the superintendent's recommendation to be eligible for tenure. The Board claimed that because Cline lacked this recommendation, she was only entitled to a limited contract.

{¶5} The magistrate found the CBA ambiguous and recommended that the common pleas court order the Board to reemploy Cline under a continuing contract pursuant to statute. The Board filed objections. The common pleas court rejected the magistrate's decision. The court found that the CBA made a "clear attempt to

specifically exclude the statutory provisions of O.R.C. 3319.11" with regard to continuing contract requirements by stating in Article 16, 16.01(5) that: "This paragraph supersedes provisions of R.C. 3319.11 and .111 to the contrary." The court found this language was used with such specificity as to explicitly demonstrate that the parties' intent was to preempt statutory rights. And because the CBA required and Cline did not have the superintendent's recommendation, the court ordered the Board to reemploy Cline under a limited contract. This appeal followed.

## II. Assignments of Error

**{¶6}** Cline assigns the following errors for our review:

ASSIGNMENT OF ERROR 1: THE LOWER COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT THE COLLECTIVE BARGAINING AGREEMENT SUPERSEDED PLAINTIFF-APPELLANT'S STATUTORY RIGHTS.

ASSIGNMENT OF ERROR 2: THE LOWER COURT ERRED AS A MATTER OF LAW BY CONSIDERING EVIDENCE PROFFERED BY DEFENDANT-APPELLEE THAT WAS INADMISSIBLE AND NOT PART OF THE RECORD.

## III. The CBA Does Not Supersede Statutory Requirements for Cline's

## Eligibility for a Continuing Contract

**{¶7}** In her first assignment of error, Cline contends that the common pleas court erred when it found that the CBA superseded her statutory rights. Specifically, she disputes the court's finding that she needs the superintendent's recommendation to qualify for a continuing contract. To determine whether a CBA negates statutory rights of public employees, we conduct a three-part inquiry. First, we must determine whether the CBA uses language "with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights." *State ex rel. Ohio Assn. of Pub. School*

*Emps./AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn.*, 89 Ohio St.3d 191, 729 N.E.2d 743 (2000), syllabus ("*Batavia*"). If the CBA does not use such language, our inquiry ends. If the CBA does use such language, we must next decide whether the CBA in fact conflicts with statutory law. *Streetsboro Edn. Assn. v. Streetsboro City School Dist. Bd. of Edn.*, 68 Ohio St.3d 288, 291, 626 N.E.2d 110 (1994). *See Batavia* at 197. If a conflict exists, we must determine whether the conflicting law fits within one of the categories listed in R.C. 4117.10(A) of laws that a CBA cannot supersede. *Streetsboro Edn. Assn.* at 291. The CBA can only preempt statutory rights if it uses the necessary language to demonstrate that is the parties' intent, it conflicts with statutory law, and the conflicting law does not fit within one of the R.C. 4117.10(A) categories.

{¶8} Because the determination of whether a CBA preempts statutory rights requires interpretation of a written contract (the CBA) and statutory law, Cline's first assignment of error involves a question of law we review de novo. *In re O.H.*, 4th Dist. No. 09CA38, 2010-Ohio-1244, ¶ 8 ("We examine questions of statutory interpretation de novo."); *Cox Paving, Inc. v. Indell Constr. Corp.*, 4th Dist. No. 08CA11, 2009-Ohio-1383, ¶ 8 ("Judicial interpretation of contract language is a question of law for which appellate courts apply a de novo standard."). *See generally Batavia* and *Streesboro* (appearing to apply a de novo review to these matters).

{¶9} Initially, we will summarize the relevant statutory law to provide a framework for the parties' arguments. R.C. 3319.08(A) provides that "[c]ontracts for the employment of teachers shall be of two types, limited contracts and continuing contracts." For teachers like Cline, a limited contract is one "for a term not to exceed

five years." R.C. 3319.08(C)(3). A continuing contract is one that "remains in effect until the teacher resigns, elects to retire, or is retired pursuant to former section 3307.37 of the Revised Code, or until it is terminated or suspended * * *." R.C. 3319.08(D).

{¶10} R.C. 3319.11 contains rules regarding the type of contract to which a teacher is entitled. For purposes of R.C. 3319.11, the legislature created two categories of limited contracts. First, there are simply "limited contracts," which are for a term not to exceed five years and entered into "with a teacher who is not eligible for continuing service status." R.C. 3319.11(A)(2); *See* R.C. 3319.08(C). Second, there are "extended limited contracts," which are for a term not to exceed five years and entered into "with a teacher who is eligible for continuing service status." R.C. 3319.11(A)(3); *See* R.C. 3319.08(C). For teachers, "continuing service status" means "employment under a continuing contract." R.C. 3319.09(C).

{¶11} "Teachers eligible for continuing service status in any city, exempted village, local, or joint vocational school district or educational service center shall be those teachers qualified as described in division (D) of section 3319.08 of the Revised Code, who within the last five years have taught for at least three years in the district or center, and those teachers who, having attained continuing contract status elsewhere, have served two years in the district or center, but the board, upon the recommendation of the superintendent, may at the time of employment or at any time within such two-year period, declare any of the latter teachers eligible." R.C. 3319.11(B). In other words, to qualify for continuing service status and thus be eligible for a continuing contract under R.C. 3319.11, a teacher must 1.) teach in the district for the appropriate amount of time, and 2.) meet the requirements of R.C. 3319.08(D), which do not include

obtaining the superintendent's recommendation.

{¶12}  Under R.C. 3319.11(E), at the expiration of a limited contract as defined in that section, if the teacher is still not eligible for a continuing contract, the teacher is considered reemployed under a new limited contract as defined in that section if the school board fails to comply with the proper teacher evaluation procedures.  If a teacher is employed under a limited contract as defined in R.C. 3319.11 and becomes eligible for continuing service status, different rules apply.  If the superintendent recommends that the teacher not be reemployed when the contract expires, and the board agrees but fails to comply with the proper evaluation procedures, the teacher is considered reemployed under an extended limited contract not to exceed one year.  R.C. 3319.11(B)(2).  Subsequently, the district may only reemploy such a teacher under a continuing contract.  *Id.*  Therefore, if at the expiration of the extended limited contract the board again failed to comply with the required evaluation procedures, the teacher is considered reemployed under a continuing contract.  *Id.*; R.C. 3319.11(D).

{¶13}  Cline argues that she is eligible for a continuing contract under R.C. 3319.11(B).  She claims that she received an extended limited contract for the 2010-2011 school year under R.C. 3319.11(B)(2).  Thus, she contends that because the Board again failed to comply with the required evaluation procedures when it attempted to not reemploy her, statutorily she is entitled to a continuing contract.

{¶14}  The Board implicitly admits that if the statutory requirements for tenure apply, Cline is correct and she is entitled to a continuing contract.  However, the Board contends that the CBA requires Cline have the superintendent's recommendation to be eligible for a continuing contract and this requirement supersedes her statutory rights.

The Board maintains that Cline was never eligible for a continuing contract because she never received the superintendent's recommendation. The Board's position is inconsistent with its admission that for the 2010-2011 school year, Cline had an "extended limited contract." Again, by definition such a contract can only be given to a teacher who is eligible for a continuing contract. R.C. 3319.11(A)(3); R.C. 3319.09(C).

**{¶15}** However, despite the inconsistency in the Board's position, Cline does not argue that the Board is estopped from challenging her current eligibility for a continuing contract based on its admission that she previously had an "extended limited contract." Nor does she contend that the Board waived any contractual requirement that she have the superintendent's recommendation to be eligible for a continuing contract because of its admission. Thus, we will not address those issues. Instead, we will analyze the provisions of the CBA and compare them to the statutory law using the three part test outlined above to determine whether the CBA supersedes statutory law on the requirements for tenure.

**{¶16}** First, we must determine whether the CBA uses language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory tenure requirements. Article 16, 16.01(3) provides:

> Contracts are of two types: limited and continuing. The limited contract may be entered into for a term not to exceed five (5) years. Under a limited contract a teacher has no vested right to re-employment after the expiration of the term provided for in the contract. The Board shall enter into a limited contract with each teacher who holds a provisional teaching certification. (Revised Code 3319.03)

**{¶17}** Article 16, 16.01(5) states:

5.      Eligibility for a continuing contract requires:

a.   completion of a two-year probationary period in the

Fairland Local Schools <u>before requesting consideration</u> for a continuing contract; (Emphasis sic.)

b.  written notice delivered by the teacher to the Superintendent, with a copy also delivered by the teacher to the building principal, on or before September 30 of eligibility for a continuing contract in the following April, together with a request to be considered for a continuing contract;

c.  the possession and filing at the office of the Superintendent on or before April 1 of the year in which the continuing contract will be considered: (1) a professional, permanent, or a life certificate or (2) a professional educator license plus either of the following:  (a) if a masters degree was held at the time of initially receiving a certificate or license, six (6) semester hours of graduate coursework in the area of licensure or in an area related to the teaching field since the initial issuance of the certificate or license, or (b) if no masters degree was held at the time of initially receiving a certificate or license, thirty (30) semester hours of course work in the area of licensure or in an area related to the teaching field since the initial issuance of the certificate or license;

d.  completion of a three (3) year probationary period in the Fairland Local Schools; and

e.  recommendation of the Superintendent for a continuing contract of employment.

A year of probationary service means actual service of not less than one hundred (120) days within a school year.  At the end of the probationary period, the Superintendent may recommend re-employment under a limited contract for a period of one (1) or two (2) years provided that written notice of intent has been given to the teacher with reasons directed at the professional improvement of the teacher on or before April 30 when it is the intention of the Board not to re-employ.  If such notice is not given, the teacher shall be deemed re-employed under a continuing contract. (Revised Code 3319.11)

If a teacher is eligible for a continuing contract and has followed the above process, he/she may at any time withdraw his/her request for a continuing contract and be considered for a limited contract.  The teacher may have Association representation in making the decision to withdraw his/her request to be considered for a continuing contract or to continue to be considered for a continuing

contract or an extended limited contract. *This paragraph supersedes provisions of R.C. 3319.11 and .111 to the contrary.* (Emphasis added.)

**{¶18}** Thus, 16.01(5.e.) states that a teacher needs the superintendent's recommendation to be eligible for a continuing contract. The Board argues that the CBA contains specific language that explicitly demonstrates the parties intended to preempt statutory rights and require that any teacher subject to the agreement obtain the superintendent's recommendation before she can receive a continuing contract. The Board points to the last line of 16.01(5), which states: "This paragraph supersedes provisions of R.C. 3319.11 and .111 to the contrary." Cline argues in part that this statement appears "in a paragraph addressing a teacher's withdrawal of a request for continuing contract consideration," not in a paragraph on eligibility for a continuing contract. (Appellant's Br. 14).

**{¶19}** The CBA does not define the meaning of the word paragraph. "Words and phrases are given their common and ordinary meanings absent specific contractual definitions." *Knott v. Revolution Software, Inc.*, 181 Ohio App.3d 519, 2009-Ohio-1191, 909 N.E.2d 702, ¶ 71 (5th Dist.). *Black's Law Dictionary* 767 (Abridged 6th Ed.1991) defines a paragraph as: "A distinct part of a discourse or writing; any section or subdivision of writing or chapter which relates to a particular point, whether consisting of one or many sentences."

**{¶20}** We conclude that Article 16, 16.01(5) contains three paragraphs. The first paragraph discusses the requirements for a teacher to be eligible for a continuing contract. It begins with the phrase "Eligibility for a continuing contract requires:" followed by a list of five requirements, which include the superintendent's

recommendation. The second paragraph, separated from the list by a double-space, discusses a different point – probationary service and reemployment at the end of the probationary period. It begins with the phrase: "A year of probationary service * * *." The third paragraph, separated from the second paragraph by a double-space, discusses yet another topic – a teacher withdrawing a request for a continuing contract. It begins with the phrase: "If a teacher is eligible * * *."

**{¶21}** Thus, when the CBA states that "[t]his paragraph supersedes provisions of R.C. 3319.11 and .111 to the contrary[,]" it is referring is the third paragraph which contains the quoted language. The third paragraph says nothing about tenure eligibility requirements. Therefore, we reject the Board's argument that 16.01(5) contains language that explicitly demonstrates the parties' intent to preempt statutory rights and require that Cline obtain the superintendent's recommendation before she can receive a continuing contract. This decision renders moot Cline's additional arguments about why 16.01(5) does not supersede her statutory rights, so we need not address them.

**{¶22}** The common pleas court did not find that any other language in the CBA explicitly demonstrated that the intent of the parties was to preempt statutory rights concerning teacher tenure requirements. Nor did the Board claim at the common pleas level or in its appellate brief that any other such language exists. And in the absence of that language, the CBA's superintendent's recommendation requirement cannot supersede R.C. 3319.11(B)'s tenure requirements.

**{¶23}** Therefore, we conclude that the common pleas court erred when it found that the CBA superseded statutory law. The statutory requirements for eligibility for a continuing contract in R.C. 3319.11(B) apply. The Board implicitly concedes Cline

meets those requirements and must be reemployed under a continuing contract if

statutory law applies, which it does.  Therefore, we reverse the lower court's judgment

and remand with instructions for the court to order Cline's reinstatement under a

continuing contract.  This decision renders moot Cline's second assignment of error, in

which she contends that the court erred by considering evidence that she lacked a

superintendent's recommendation.  Therefore, we need not address it.  *See* App.R.

12(A)(1)(c).

JUDGMENT REVERSED
AND CAUSE REMANDED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J., & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**